## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF INDIANA
## HAMMOND DIVISION

MARY PICKENS,

        Plaintiff,

        v.

NEW YORK LIFE INSURANCE
COMPANY and AARP CORPORATION
a/k/a AMERICAN ASSOCIATION OF
RETIRED PERSONS,

        Defendants.

CAUSE NO.: 2:17-CV-190-TLS

## OPINION AND ORDER

This matter is before the Court *sua sponte*. The Court must continuously police its subject matter jurisdiction. *Hay v. Ind. State Bd. of Tax Comm'rs*, 312 F.3d 876, 879 (7th Cir. 2002).

The Notice of Removal alleges that the Court's original subject matter jurisdiction is based on diversity of citizenship under 28 U.S.C. § 1332. (ECF No. 1, ¶¶ 3–7.) Diversity jurisdiction exists when the parties to an action on each side are citizens of different states, with no defendant a citizen of the same state as any plaintiff, and the amount in controversy exceeds $75,000.00. *See* 28 U.S.C. § 1332(a)(1). As the parties seeking to invoke this Court's jurisdiction, the Defendants New York Life Insurance Company and AARP Corporation a/k/a American Associate of Retired Persons bear the burden of demonstrating that the jurisdictional requirements have been met. *Hertz Corp. v. Friend*, 559 U.S. 77, 98 (2010); *Schur v. L.A. Weight Loss Ctrs., Inc.*, 577 F.3d 752, 758 (7th Cir. 2009). A failure to meet that burden can result in a remand to state court. *See Schur*, 577 F.3d at 758. In this case, the Defendants have sufficiently alleged that the amount in controversy exceeds $75,000.00 and have sufficiently alleged the citizenship of the corporations. (ECF No. 1, ¶¶ 4–7.)

However, citizenship has not been properly alleged for the Plaintiff Mary Pickens because the Notice of Removal alleges that she "is a resident of Gary, Lake County, Indiana." (ECF No. 1, ¶ 3.) Citizenship of a natural person is determined by domicile, not by residence. *Dakuras v. Edwards*, 312 F.3d 256, 258 (7th Cir. 2002); *see also Heinen v. Northrop Grumman Corp.*, 671 F.3d 669, 670 (7th Cir. 2012) ("[R]esidence may or may not demonstrate citizenship, which depends on domicile—that is to say, the state in which a person intends to live over the long run."); *Guar. Nat'l Title Co., Inc. v. J.E.G. Assocs.*, 101 F.3d 57, 58–59 (7th Cir. 1996) (explaining that statements concerning a party's "residency" are not proper allegations of citizenship as required by 28 U.S.C. § 1332).

Accordingly, the Court ORDERS the Defendants New York Life Insurance Company and AARP Corporation a/k/a American Association of Retired Persons to FILE, on or before, **June 25, 2019**, a supplemental jurisdictional statement identifying the domicile of the Plaintiff Mary Pickens on April 25, 2017.

SO ORDERED on June 12, 2019.

s/ Theresa L. Springmann
CHIEF JUDGE THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT